FILED - USDC - NDTX - AB
JAN 30 2025 AM9:58

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA

v.

NO. 1:24-CR-0048-H

DARIL MARTIN GONZALES

## PLEA AGREEMENT

Daril Martin Gonzales, the defendant, Jacob Austin Blizzard, the defendant's

attorney, and the United States of America (the government) agree as follows:

1.    **Rights of the defendant**: The defendant understands that the defendant

has the rights:

        a.    to plead not guilty;

        b.    to have a trial by jury;

        c.    to have the defendant's guilt proven beyond a reasonable doubt;

        d.    to confront and cross-examine witnesses and to call witnesses in the
            defendant's defense; and

        e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**: The defendant waives these rights

and pleads guilty to the offenses alleged in Counts One and Two of the Indictment,

charging a violation of 18 U.S.C. §§ 2251A(a)(5)(B) and 2252A(b)(2) that is, Possession

and Attempted Possession of Child Pornography, and 18 U.S.C. §§ 1466A(b)(1) and

2252A(b)(2) that is, Possession and Attempted Possession of an Obscene Visual

Representation of a Child. The defendant understands the nature and elements of the

Daril Martin Gonzales
Plea Agreement—Page 1

crimes to which the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose for Counts One and Two include:

    a. imprisonment for a period of not more than twenty years

    b. a fine not to exceed $500,000 or twice any pecuniary gain to the defendant or loss to the victim;

    c. a term of supervised release of up to life, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $200 ($100 per count). Further, upon conviction, if the Court finds the defendant is not indigent, an additional mandatory special assessment of $10,000 ($5,000 per count) must be imposed pursuant to 18 U.S.C. § 3014;

    e. an assessment, pursuant to 18 U.S.C. § 2259A, of no more than $17,000 for offenses occurring on or about November 7, 2023 to on or about July 15, 2024 and offenses occurring on or about October23, 2023;

    f. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone;

    g. costs of incarceration and supervision; and

    h. forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of

**Daril Martin Gonzales**
**Plea Agreement—Page 2**

crimes are removable offenses. The defendant understands this may include the offenses to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offenses are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.    **Defendant's agreement**: The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating

to the offenses of conviction and all relevant conduct, or any information the defendant must provide related to this agreement.

7.      **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $200, and, unless the Court finds the defendant indigent specifically for the purpose of this paragraph, pursuant to 18 U.S.C. § 3014(a), an additional amount of $5000, in satisfaction of the mandatory special assessment in this case.

8.      **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

   a. The defendant agrees that the financial statement, with any supporting documents, the defendant provides to the USPO may be shared with the Court and the government.

   b. The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

**Daril Martin Gonzales**
**Plea Agreement—Page 4**

c. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

9. **Restitution:** The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offenses of conviction, any dismissed counts, and all relevant conduct, in an amount to be determined by the Court. Defendant agrees that, for purposes of this Plea Agreement, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range. The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

10. **Forfeiture of property:** The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty including, but not limited to, a Toshiba Portable Storage Device, serial number

73OQP32PTVBH and a Samsung S22 Ultra, IMEI 350962378339300. The defendant agrees that this property is subject to forfeiture under 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

11. **Destruction of property**: The defendant waives and abandons any and all right, title, claim or interest, he may have in all property seized during the investigation of the defendant and leading to the Indictment in this case, specifically:

   a. a black HP laptop;

   b. a green and white, data traveler 2 GB flash drive;

   c. a Toshiba Portable Storage Device, serial number Y0Q4T0RHTRPG;

   d. my Passport Portable Storage Device serial number WX11A58C9SCC;

   e. my Passport Portable Storage Device serial number WXB1E94192IL;

   f. my Passport Portable Storage Device serial number WXQ1EB5EK8HD;

   g. a black Samsung phone;

   h. a black Samsung Galaxy S;

**Daril Martin Gonzales**
**Plea Agreement—Page 6**

i.   a black AT&T flip phone;

j.   a Sandisk 8 GB card;

k.   a black nylon zipper case with 8 SD cards;

l.   a bag of undeveloped film;

m.   a bag of 4 CDs; and

n.   a Sandisk 64 GB SD card

Defendant affirms that no other person has an interest in the listed property and agrees that the government may destroy or otherwise dispose of such property, including but not limited to any and all images, files, documents or other information that may be electronically stored on or within the listed property, at its discretion. The defendant agrees there was reasonable cause for the seizure of the subject property and releases, holds harmless, and forever discharges the government, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, either in their official or individual capacities, from any and all claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands whatsoever in law or equity that the defendant and his heirs, successors, or assigns ever had, now have, or may have in the future, in relation to the subject property. The defendant further agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, or destruction of the subject property.

12.   **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is

Daril Martin Gonzales
Plea Agreement—Page 7

routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending Indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

13.    **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

14.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

15.    **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the

defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

16. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

17. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or

representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 30 day of January, 2024, 5

LEIGHA SIMONTON
UNITED STATES ATTORNEY

WHITNEY OHLHAUSEN
Assistant United States Attorney
Arkansas State Bar No. 2017137
500 Chestnut Street, Suite 601
Abilene, Texas 79602
Telephone: 325-271-6700
E-mail: whitney.ohlhausen@usdoj.gov

ALEX C. LEWIS   For:
Fort Worth Branch Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

DARIL MARTIN GONZALES                1 - 23 - 25
Defendant                            Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

JACOB AUSTIN BLIZZARD                1/23/25
Attorney for Defendant               Date

Daril Martin Gonzales
Plea Agreement—Page 10

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I further understand that I am required to provide information relating to my intended travel outside the United States. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.


_____        1 - 23 - 25
DARIL MARTIN GONZALES                   Date
Defendant


_____        1/23/25
JACOB AUSTIN BLIZZARD                   Date
Attorney for Defendant


Daril Martin Gonzales
Plea Agreement—Page 11